**Victor Rudy GARCIA–SICAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 02–70475, INS A76–858–042.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Victor Rudy Garcia–Sical, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

We review factual findings concerning a petitioner's eligibility for asylum for substantial evidence, and must uphold the BIA's decision unless the evidence compels a contrary result. *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Because Garcia–Sical failed to present evidence demonstrating that he had political motives for joining the police force, or that drug traffickers attributed a political opinion to him, substantial evidence supports the IJ's finding that Garcia–Sical failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. *See Cruz–Navarro*, 232 F.3d at 1030.

Substantial evidence also supports the conclusion that Garcia–Sical's status as a current or former Guatemalan police officer is insufficient to establish membership in a particular social group for the purposes of granting asylum. *See id.* at 1029; *see also Arriaga–Barrientos v. INS*, 937

---

F.2d 411, 414 (9th Cir.1991) (holding Guatemalan military is not a social group qualifying its current and former members for asylum eligibility because they are not subject to status-based persecution).

Because Garcia–Sical failed to satisfy the standard required for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Cruz–Navarro*, 232 F.3d at 1031.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.